# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEAN ALEXANDER COSMETICS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 2:04-cv-1545 |
| | ) | |
| v. | ) | |
| | ) | |
| L'OREAL USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF COURT

On May 22, 2008, the Court issued an Order to show cause why this case should not be dismissed for failure to prosecute. The parties have each filed a response (Document Nos. 14, 15). Counsel had failed, neglected or refused to comply with the Court's Order dated January 15, 2008 to submit a joint status report.

Plaintiff filed two related cases in this Court. Civil Action No. 04-975 asserted a claim for trademark infringement. The instant case, Civil Action No. 04-1545, sought review of a decision by the Trademark Trial and Appeal Board. On August 22, 2005, the Court dismissed Civil Action No. 04-975 with prejudice based on the doctrine of collateral estoppel. Plaintiff filed a timely appeal. Defendant asserted a similar defense in the instant case.

On November 30, 2005, Plaintiff filed a Motion to Stay Proceedings in this case (Document No. 9). In relevant part, Plaintiff represented to the Court that if the Third Circuit Court of Appeals affirmed the district court's ruling based on collateral estoppel, "the instant case, the opposition proceeding, would be effectively mooted because the core issue, the likelihood of confusion between the two marks, is identical in the two cases." On August 14, 2006, the Court of Appeals affirmed this Court's decision to dismiss Civil Action No. 04-975

with prejudice.

Defendant argues that the Court of Appeals' ruling requires an end to this action because there is nothing left to litigate. Defendant points out that due to Plaintiff's prior representations, there is no good faith position from which Plaintiff can advocate a continuation of this action.

Plaintiff does not argue that the case should continue. Instead, Plaintiff avers that subsequent to the filing of this action, it submitted an application for a different trademark, EQ System, which was rejected by the Patent and Trademark Office. Plaintiff offers that it will dismiss this case if Defendant consents to the registration of its patent application for EQ System. Plaintiff requests a conference to facilitate settlement of this action.

The Court will not countenance Plaintiff's attempt to unnecessarily delay the resolution of this case in order to obtain leverage in an unrelated dispute. Such conduct is directly contrary to counsel's earlier representations to the Court and to his obligations under Fed. R. Civ. P. 1. Moreover, counsel for both parties are rebuked for their failure to respond in a timely manner to the Court's Order of January 15, 2008. The refusal of opposing counsel to cooperate is not an excuse for failing to set forth your respective client's position, accompanied by a recitation of the efforts made to prepare a joint submission. No settlement conference will be scheduled.

In accordance with the foregoing, Civil Action No. 04-1545 is DISMISSED WITH PREJUDICE FORTHWITH.

SO ORDERED this 10th day of June, 2008.

BY THE COURT:


s/ Terrence F. McVerry
United States District Court Judge

cc:      James Cirilano, Esquire
Email: jim.cirilano@verizon.net

Michael L. Dever, Esquire
Email: deverml@bipc.com
Robert L. Sherman, Esquire
Email: robertsherman@paulhastings.com
Samuel W. Braver, Esquire
Email: samuel.braver@bipc.com